**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOMPA FARMS, INC., | NO. 5:11-CV-00062 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| ANCHOR WAREHOUSE SERVICES LLC., et. al., | [Docket Item No. 25] |
| Defendant(s). | |

Plaintiff Lompa Farms, Inc. ("Lompa") brings the instant action for breach of contract and related claims, including those under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499e(c)(3), against Defendants Anchor Warehouse Services LLC ("Anchor"), M. Park, Inc., Old West Export, Inc., S. Surabian & Sons, Garth Ramseier, Max Cardey, Diann Anderson, Dave Muse, Lane A. Anderson, Hyun J. Kim, Albert O. Surabian, Sr., and Mary Flora. Anchor and Ramseier (collectively, "Moving Defendants") move to dismiss three of the ten counts contained in the complaint. Having considered the complaint as well as the moving, responding and reply papers, the Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). As such, the hearing scheduled for June 17, 2011, is vacated. For the reasons set forth below, the motion will be granted with leave to amend.[1]

---

[1] This disposition is not designated for publication in the official reports.

Case No. 5:11-cv-00062 EJD (PSG)
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (EJDLC1)

## I. BACKGROUND

Lompa is a wholesale grower of perishable agricultural commodities with operations located in Hollister, California. Complaint at ¶ 2. Lompa alleges that, in February, 2009, Defendant Max Cardey inspected Lompa's lemon grove while acting as an agent for Anchor. Id. at ¶ 10-12. Based on Cardey's representations, Lompa and Anchor entered into a Custom Packing Contract (the "Contract") in March, 2009, for the harvesting, packing and marketing of Lompa's 2009 lemon crop. Id. at ¶ 12-17.

According to the Complaint, Lompa sold 794 bins of fresh lemons to Anchor pursuant to the Contract, with a total estimated value of no less than $250,000.00. Id. at ¶ 18. For each load, Anchor provided to Lompa a written field ticket describing the delivery date, the number of produce bins provided, and the names of individuals involved in the delivery. Id. at ¶ 19. Lompa alleges that without notice to Lompa, Anchor either transferred or sold the delivered lemons to Defendants Old West Export Inc., M. Park, Inc. and S. Surabian & Sons, who each re-sold the lemons as undisclosed agents for Anchor. Id. at ¶ 20-23.

On June 25, 2009, Lompa issued an invoice to Anchor in the amount of $92,240.00 for all but 46 of the delivered lemon bins. Id. at ¶ 24. The invoice states: "Failure to remit payment within 10 days hereof will result in legal action." Id. at Ex. C. Anchor did not pay for the lemons as directed by the invoice despite Lompa's demands. Id. at ¶ 26. Lompa then commenced this action on January 6, 2011, to assert rights under PACA and recover the unpaid balance.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a

cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). "[M]aterial which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III.   DISCUSSION

As referenced previously, Moving Defendants argue Lompa failed to plead facts sufficient to support the creation of a PACA statutory trust in the first, seventh and ninth counts of the complaint.

PACA provides for the establishment of a statutory trust "in which a produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller or producer." Bowlin & Son, Inc. v. San Joaquin Food Serv. (In re San Joaquin Food Serv., Inc.), 958 F.2d 938, 939 (9th Cir. 1992). "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." C & E Enters., Inc. v. Milton Poulos, Inc. (In re Milton Poulos, Inc.) 947 F.2d 1351, 1352 (9th Cir. 1991).

Although existence of the trust is automatic, PACA requires that produce sellers take certain steps to preserve the right to benefit from the trust. San Joaquin, 958 F.2d at 939. "The unpaid supplier, seller, or agent shall lose the benefits of such trust unless such person has given written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker and had filed such notice with the Secretary [of Agriculture] within thirty calendar days (I) after expiration of the time prescribed by which payment must be made, as set forth in regulations issued

3

Case No. 5:11-cv-00062 EJD (PSG)
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (EJDLC1)

by the Secretary, [or] (ii) after expiration of such other time by which payment must be made . . . . " 7 U.S.C. § 499e(c)(3).[2] Since the statutory requirements of PACA are unambiguous, "[l]iteral compliance is required." San Joaquin, 958 F.2d at 940; see also Milton Poulos, 947 F.2d at 1186.

Under this standard, Moving Defendant's argument that Lompa failed to allege sufficient facts to establish a PACA trust is well-taken. In order to prevail on any of the three counts at issue - the first for enforcement of a PACA trust, the seventh for conversion of trust assets, and the ninth for breach of fiduciary duty - Lompa must have preserved its rights under PACA. In the complaint, however, Lompa relies on a conclusion that it did so without providing facts sufficient to support such a conclusion. Indeed, no where in the complaint does Lompa explain *how* it provided the written notice required by 7 U.S.C. § 499e(c)(3) and 7 C.F.R. § 46.46(f). In short, Lompa's complaint does not "allege enough facts to state a claim to relief that is plausible on its face," at least for the three counts at issue here. Twombly, 550 U.S. at 570.

Lompa contends this motion should be denied for multiple reasons, none of which are convincing. First, Lompa argues it complied with the PACA notice requirements through correspondence sent from Lompa's attorney to Anchor, which it produced for the first time in responding to this motion. That letter, however, cannot be considered due to the evidentiary restrictions imposed on a dismissal motion. See Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 (9th Cir. 1998); Hal Roach, 896 F.2d at 1555 n. 19. Thus, the court does not reach the question of whether Lompa's letter does or does not meet the requisite standard as information. Second, Lompa claims substantial compliance with PACA is sufficient since the statute, as the product of remedial legislation, is entitled to liberal interpretation. The Ninth Circuit has held otherwise. See, e.g, San Joaquin, 958 F.2d at 940; Consol. Mktg., Inc. v. Marvin Props., Inc., 854 F.2d 1183, 1186 (9th Cir. 1988). As such, the court cannot countenance substantial compliance here, even at the this stage in the case. Finally, Lompa argues the complaint is sufficient as it

---

[2] 7 C.F.R. § 46.46(f) clarifies further that "[n]otice of intent to preserve trust benefits must be in writing [and] must include the statement that it is a notice of intent to preserve trust benefits...."

4
Case No. 5:11-cv-00062 EJD (PSG)
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (EJDLC1)

satisfies the basic pleading requirements of Federal Rule of Civil Procedure 8(a). But this claim fails for reasons similar to those which undermine the arguments addressed previously. In the face of a strict compliance standard for actions arising under PACA, the allegations contained in Lompa's complaint fall short of the mark.

## **ORDER**

Based on the foregoing, Moving Defendants' motion to dismiss Counts I, VII, and IX is GRANTED with leave to amend. Any amended complaint must be filed within thirty (30) days of the date of this order.

Dated: June 13, 2011

EDWARD J. DAVILA
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Kathryn S. Diemer kdiemer@diemerwhitman.com
Patrick John Gorman pgorman@wctlaw.com
Charles Kendall Manock cmanock@bakermanock.com
Elisabeth Fullmer Tietjen etietjen@bakermanock.com


**Dated:  June 13, 2011**                                               **Richard W. Wieking, Clerk**


**By:**   **/s/ EJD Chambers**
          **Elizabeth Garcia**
          **Courtroom Deputy**

Case No. 5:11-cv-00062 EJD (PSG)
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (EJDLC1)