IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOMPA FARMS, INC., | CASE NO. 5:11-cv-00062 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT; GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| ANCHOR WAREHOUSE SERVICES LLC, et. al., | [Docket Item No(s). 73, 84, 87] |
| Defendant(s). | |

In this familiar case, Plaintiff Lompa Farms, Inc. ("Lompa") brings an action for breach of contract and related claims, including those under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499e(c)(3), against Defendants Anchor Warehouse Services LLC ("Anchor"), M. Park, Inc., Old West Export, Inc., S. Surabian & Sons, Garth Ramseier ("Ramseier"), Max Cardey ("Cardey"), Diann Anderson, Dave Muse, Lane A. Anderson, Hyun J. Kim, Albert O. Surabian, Sr., and Mary Flora. Although all defendants but Cardey have been dismissed, two matters remain pending. The first is Cardey's motion to set aside the default entered against him by the clerk on November 8, 2011. See Docket Item No. 87. The second is a motion to dismiss the First Amended Complaint ("FAC") originally filed by Anchor and Ramseier but adopted by Cardey through a joinder filed November 8, 2011.[1] See Docket Item No. 73.

---

[1] Cardey's joinder in the motion to dismiss (Docket Item No. 84), which appears as a motion on the court's docket, is GRANTED.

1

CASE NO. 5:11-cv-00062 EJD
ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT; GRANTING
DEFENDANT'S MOTION TO DISMISS

Having fully considered the moving, opposing and reply papers filed for both motions, the court finds them appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). Thus, the hearing scheduled for January 27, 2012, is vacated. For the reasons stated below, both motions will be granted.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Lompa is a wholesale grower of perishable agricultural commodities with operations located in Hollister, California. See First Amended Complaint ("FAC"), Docket Item No. 60, at ¶ 2. Lompa alleges that in February, 2009, Cardey inspected Lompa's lemon grove while acting as an agent for Anchor. Id. at ¶¶ 10-12. Based on Cardey's representations, Lompa and Anchor entered into a Custom Packing Contract (the "Contract") in March, 2009, for the harvesting, packing and marketing of Lompa's 2009 lemon crop. Id. at ¶¶ 12-17.

Lompa thereafter sold 794 bins of fresh lemons to Anchor pursuant to the Contract, with a total estimated value of no less than $250,000.00. Id. at ¶ 18. For each load, Anchor provided to Lompa a written field ticket describing the delivery date, the number of produce bins provided, and the names of individuals involved in the delivery. Id. at ¶ 19. Lompa alleges that without notice to Lompa, Anchor either transferred or sold the delivered lemons to Defendants Old West Export Inc., M. Park, Inc. and S. Surabian & Sons, who each re-sold the lemons as undisclosed agents for Anchor. Id. at ¶¶ 20-23.

On June 25, 2009, Lompa issued an invoice to Anchor in the amount of $92,240.00 for all but 46 of the delivered lemon bins. Id. at ¶ 24. The invoice states: "Failure to remit payment within 10 days hereof will result in legal action." Id. at Ex. C. Anchor did not pay for the lemons as directed by the invoice despite Lompa's demands. Id. at ¶¶ 25-26.

Lompa commenced this action on January 6, 2011, to assert its rights under PACA and recover the unpaid balance due for the lemons. On June 13, 2011, the court granted a motion to dismiss the complaint and ordered Lompa to file an amended pleading. See Docket Item No. 53. Lompa filed the FAC on July 6, 2011. See Docket Item No. 60. Defendants Anchor and Ramseier filed a second motion to dismiss on July 27, 2011, a matter discussed in the second portion of this

order. See Docket Item No. 73.

Specific to Cardey, he was served with process by substitute service on October 11, 2011. See Docket Item No. 82. On November 8, 2011, Cardey filed a document entitled "Joinder of Defendant Max Cardey in Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted, Filed by Defendants Anchor Warehouse Services, LLC and Garth A. Ramseier." See Docket Item No. 84. On that same day, Lompa filed a request that the clerk enter Cardey's default for failure to answer or otherwise defend in the action. See Docket Item No. 85. The clerk entered Cardey's default on November 10, 2011. See Docket Item No. 86. Cardey's instant motion to set aside the default followed.

### III. THE MOTION TO SET ASIDE

#### A. Legal Standard

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." The district court has discretion to determine whether a party has sufficiently demonstrated "good cause." Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969). The court's discretion to relief is particularly broad where a party seeks to set aside *entry of default* rather than *default judgment*. Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1985).

#### B. Discussion

Cardey provides two arguments in support of this motion. First, he contends his default was entered in error because his written joinder in the motion to dismiss constitutes his intent to defend after being served. Alternatively, he argues that the three "good cause" factors weigh in favor of setting aside the default.

"[A]n appearance in an action 'involves some presentation or submission to the court.'" Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 689 (9th Cir. 1988) (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2683, at 430 (2d ed. 1983)). Because defaults are disfavored, "'a court usually will try to find that there has been an appearance by defendant.'" Id. (quoting Wright & Miller, supra, at 433). The critical question is

3

CASE NO. 5:11-cv-00062 EJD
ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT; GRANTING DEFENDANT'S MOTION TO DISMISS

whether the action by defendant "demonstrated a clear purpose to defend the suit." See Wilson v. Moore & Assocs., Inc., 564 F.2d 366, 369 (9th Cir. 1977).

Here, the court finds that the written joinder filed prior to the clerk's entry of default is sufficient to demonstrate a "clear purpose" to defend the suit on behalf of Cardey. Indeed, to determine otherwise would render the document meaningless. Other courts examining the effect of this type of joinder have reached similar conclusions. See, e.g., Rodella v. Jackson, No. CIV S-09-0794 GEB EFB P, 2011 WL 587557, 2011 U.S. Dist. LEXIS 12285, at *6 (E.D. Cal. Feb. 8, 2011) ("Defendant Hibbits timely appeared by filing a notice of joinder in defendant Jackson's motion to dismiss on November 10, 2010.); Amparan v. Plaza Home Mortg., Inc., No. 5:07-cv-04498-JF/PVT, 2010 WL 3713953, 2010 U.S. Dist. LEXIS 99674, at *22-23 (N.D. Cal. Sept. 23, 2010). Lompa's argument in opposition, which focuses primarily on an earlier defective request to enter default, is unpersuasive.

Because Cardey's joinder in the motion to dismiss constitutes an "appearance" - at least under the circumstances presented - the clerk's entry of default was void *ab initio*. See Direct Mail Specialists, Inc., 840 F.2d at 689. Thus, the court need not address Cardey's alternative argument for set aside as this determination resolves the issue entirely.

### III. THE MOTION TO DISMISS

Having found that Cardey's default should be set aside, the court now turns to the motion to dismiss.

#### A. Legal Standard

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may therefore be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir.

2008).

When deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. Moreover, anything beyond the pleadings generally may not be examined. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). But "material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555.

**B.     Discussion**

Cardey raises the same arguments made in the first motion to dismiss, namely that Lompa failed to plead facts sufficient to support the creation of a PACA statutory trust in the first, seventh and ninth counts of the FAC.

As it did in the prior order, the court begins with a general discussion of the statutory scheme. PACA provides for the establishment of a statutory trust "in which a produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller or producer." Bowlin & Son, Inc. v. San Joaquin Food Serv. (In re San Joaquin Food Serv., Inc.), 958 F.2d 938, 939 (9th Cir. 1992). "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." C & E Enters., Inc. v. Milton Poulos, Inc. (In re Milton Poulos, Inc.) 947 F.2d 1351, 1352 (9th Cir. 1991).

Although the trust arises automatically, PACA requires that produce sellers take certain steps to preserve the right to benefit from the trust. San Joaquin, 958 F.2d at 939. "The unpaid supplier, seller, or agent shall lose the benefits of such trust unless such person has given written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker and had filed such notice with the Secretary [of Agriculture] within thirty calendar days (I) after expiration of the time prescribed by which payment must be made, as set forth in regulations issued by the

5
CASE NO. 5:11-cv-00062 EJD
ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT; GRANTING DEFENDANT'S MOTION TO DISMISS

Secretary, [or] (ii) after expiration of such other time by which payment must be made...." 7 U.S.C. § 499e(c)(3).[2] Since the statutory requirements of PACA are unambiguous, "[l]iteral compliance is required." San Joaquin, 958 F.2d at 940; see also Milton Poulos, 947 F.2d at 1186.

This court determined previously that the allegations contained in the original complaint were insufficient under the standards stated above. "[N]o where in the complaint does Lompa explain *how* it provided the written notice required by 7 U.S.C. § 499e(c)(3) and 7 C.F.R. § 46.46(f)." See Order Granting Mot. to Dismiss, Docket Item No. 53, at 4:9-10. Although Lompa relied on a demand letter dated July 9, 2009 (the "July 9th letter"), as evidence of its compliance with PACA, the court could not consider it since it was not attached to the complaint. See id., at 4:14-18. The question of whether the letter provided sufficient notice to preserve Lompa's rights under a PACA trust was therefore left unanswered.

Lompa has since attached the July 9th letter to the FAC, and its sufficiency under § 499e(c)(3) of PACA is now squarely at issue. See FAC, Docket Item No. 60, at Ex. D. The critical portion of the letter states:

> If we do not receive such amount by July 13, 2009, we will file suit against Anchor Warehouse Services and all individuals who participated in defrauding Lompa Farms, including but not limited to Garth and Judy Ramseier, Joe Rutherford, and Max Cardey. *Such suit will seek all available remedies, including compensatory and punitive damages, injunctive relief, a writ of attachment, attorney's fees and costs.*

See id (emphasis added).

Lompa argues that the language cited above is compliant with the terms of § 499e(c)(3) because that section "does not contain any mandatory language" or require "specific buzz words or terminology." But while that may be true, the court simply cannot accept that the language contained in the July 9th letter is sufficient to preserve Lompa's PACA trust. As Cardey points out, the letter itself is nothing more than an ordinary demand routinely sent from a perspective plaintiff to potential defendants prior to initiating any type of litigation. It could be attached as an exhibit in any

---

[2] 7 C.F.R. § 46.46(f) clarifies further that "[n]otice of intent to preserve trust benefits must be in writing [and] must include the statement that it is a notice of intent to preserve trust benefits...."

civil case. It does not mention PACA, the word "trust," or an intent to preserve anything. For this reason, there is nothing to suggest it was sent with an intent to comply with PACA notice requirements. "Magic words" may not be required, but § 499e(c)(3) and 7 C.F.R. § 46.46(f) clearly require something more than a listing of general civil remedies which notably excludes any reference to PACA.

Lompa further argues for a liberal interpretation of PACA. But interpreting PACA and its implementing regulations so liberally as to find sufficient the general statement in the July 9th letter would render the trust preservation requirement altogether superfluous and unnecessary. In light of the Ninth Circuit's literal compliance standard, the court cannot adopt such a broad reading of the statute.

In addition, the court must again reject Lompa's contention that substantial compliance with PACA is sufficient. Even assuming the July 9th letter constitutes substantial compliance, the Ninth Circuit has held otherwise. See, e.g, San Joaquin, 958 F.2d at 940; Consol. Mktg., Inc. v. Marvin Props., Inc., 854 F.2d 1183, 1186 (9th Cir. 1988).

Because Lompa cannot demonstrate compliance with § 499e(c)(3), the allegations in the FAC assuming the creation of a PACA trust do not meet the pleading standard required by Federal Rule of Civil Procedure 8 as clarified by Iqbal and Twombly. Cardey's motion to dismiss the first, seventh, and ninth counts will therefore be granted as the existence of a PACA trust is necessary to maintain those claims.[3] In addition, the court finds that allowing for further amendment would be futile since these counts are being dismissed for a second time. As such, the dismissal will be without leave to amend. Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996).

## IV. ORDER

The hearing scheduled for January 27, 2012, is VACATED. Based on the foregoing:

---

[3] The elements of recovery under a PACA trust claim are (1) a transaction; (2) purchase and receipt of the perishable agricultural commodities by a commission merchant, dealer, or broker engaged in the handling of produce in interstate and/or foreign commerce, who is thus subject to PACA; (3) a failure to pay fully and promptly, or a failure to maintain the trust as required by § 499e(c); and (4) preservation of trust rights by the seller by notifying of intent to preserve the benefits of the trust on invoices or billing statements. See 7 U.S.C. §§ 499b, 499e(c); see also Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 284 (9th Cir. 1997).

1. Cardey's Motion to Set Aside (Docket Item No. 87) is GRANTED and the default set aside. Cardey shall file an Answer or other responsive pleading on or before **February 8, 2012**.

2. Cardey's Motion to Dismiss (Docket Item No. 73) is GRANTED. Counts I, VII, and IX of the FAC are DISMISSED WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: January 25, 2012



EDWARD J. DAVILA
United States District Judge

8
CASE NO. 5:11-cv-00062 EJD
ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT; GRANTING DEFENDANT'S MOTION TO DISMISS