IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LOMPA FARMS, INC., | CASE NO. 5:11-cv-00062 EJD |
| Plaintiff(s), | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| ANCHOR WAREHOUSE SERVICES LLC, et. al., | |
| | [Docket Item No. 115] |
| Defendant(s). | |

## I. INTRODUCTION

In this action brought primarily under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499a *et. seq.*, Plaintiff Lompa Farms, Inc. ("Lompa") sought to recover payment for delivered produce from Defendants Anchor Warehouse Services LLC, M. Park, Inc., Old West Export, Inc., S. Surabian & Sons, Garth Ramseier, Max Cardey ("Cardey"), Diann Anderson, Dave Muse, Lane A. Anderson, Hyun J. Kim, Albert O. Surabian, Sr., and Mary Flora. All defendants but Cardey have been voluntary dismissed with prejudice. See Docket Item Nos. 103, 105-112. The court previously dismissed the first, seventh and ninth counts of the First Amended Complaint ("FAC") for enforcement of the PACA trust (7 U.S.C. § 499e(c)(3)), conversion of trust funds (7 C.F.R. § 46.33), and breach of fiduciary duty. See Order, Docket Item No. 114.

Jurisdiction in this court arises pursuant to 28 U.S.C. §§ 1331 and 1367. Presently before the court is Cardey's second Motion to Dismiss the FAC. See Docket Item No. 115. Lompa has not

filed written opposition. The court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b). Thus, the hearing scheduled for March 23, 2012, will be vacated and Cardey's motion granted in part and denied in part for the reasons stated below.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may therefore be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. Moreover, anything beyond the pleadings generally may not be examined. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). But "material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555.

## III.   DISCUSSION

Cardey argues that the court's prior determination compels dismissal of the second, third, fourth and eighth claims, as each assumes the creation of a PACA trust to impose personal liability.

As it has twice previously, the court begins with a general discussion of PACA. PACA provides for the establishment of a statutory trust "in which a produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller or producer." Bowlin & Son, Inc. v. San Joaquin Food Serv. (In re San Joaquin Food Serv., Inc.), 958 F.2d 938, 939 (9th Cir. 1992). "The trust automatically arises in favor of a produce seller upon delivery of produce and is

for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." C & E Enters., Inc. v. Milton Poulos, Inc. (In re Milton Poulos, Inc.) 947 F.2d 1351, 1352 (9th Cir. 1991).

Although the trust arises automatically, PACA requires that produce sellers take certain steps to preserve the right to benefit from the trust. San Joaquin, 958 F.2d at 939. "The unpaid supplier, seller, or agent shall lose the benefits of such trust unless such person has given written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker and had filed such notice with the Secretary [of Agriculture] within thirty calendar days (I) after expiration of the time prescribed by which payment must be made, as set forth in regulations issued by the Secretary, [or] (ii) after expiration of such other time by which payment must be made . . . . " 7 U.S.C. § 499e(c)(3).[1] Since the statutory requirements of PACA are unambiguous, "[l]iteral compliance is required." San Joaquin, 958 F.2d at 940; see also Milton Poulos, 947 F.2d at 1186.

In this circuit, individuals involved in a qualifying agricultural transaction can be held liable under a PACA trust theory. "[I]ndividual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act." Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997). "Anyone found to be a PACA 'dealer' is subject to liability under PACA section 499b, which makes unlawful unfair conduct including the failure to maintain a statutory trust." Id.; see also Hiller Cranberry Products, Inc. v. Koplovsky, 165 F.3d 1, 8-9 (1st Cir. 1999) ("An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act."); Golman-Hayden Co., Inc. v. Fresh Source Produce Inc., 217 F.3d 348, 351 (5th Cir. 2000) ("We join our colleagues in the Ninth Circuit and hold that individual shareholders, officers or directors of a corporation who are in a position to control trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under PACA.").

In the last order addressing this case, the court determined that Lompa's allegations and

---

[1] 7 C.F.R. § 46.46(f) clarifies further that "[n]otice of intent to preserve trust benefits must be in writing [and] must include the statement that it is a notice of intent to preserve trust benefits...."

3
CASE NO. 5:11-cv-00062 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

1  evidence were insufficient to establish the creation of PACA trust.  "Because Lompa cannot
2  demonstrate compliance with § 499e(c)(3), the allegations in the FAC assuming the creation of a
3  PACA trust do not meet the pleading standard required by Federal Rule of Civil Procedure 8 as
4  clarified by Iqbal and Twombly."  See Order, Docket Item No. 114, at 7:7-9.  As Cardey points out,
5  Lompa's inability to provide facts which demonstrate the creation of a PACA trust also disposes of
6  those counts which necessarily rely on the existence of the trust and its attendant duties to impose
7  individual liability on Cardey.  See Sunkist Growers, Inc., 104 F.3d at 283.  Framed in terms of the
8  dismissal standard, the lack of a trust renders Lompa's theory of personal statutory liability a legal
9  impossibility, and therefore facially implausible.  See Iqbal, 129 S. Ct. at 1949.  For this reason, the
10 second, third and fourth counts must be dismissed without leave to amend, as allowing for their
11 amendment under these circumstances would be futile.

12       The eighth claim for unjust enrichment presents a different issue.  Cardey argues the unjust
13 enrichment count must be dismissed because, like the PACA statutory counts, it is based upon an
14 allegation that Cardey owed Lompa a fiduciary duty.  He also argues that Lompa fails to state a
15 claim because the field tickets attached to the FAC do not show that Cardey accepted the produce.

16       The court rejects these arguments as a basis to for dismissal.  First, a claim for unjust
17 enrichment presents a theory separate and apart from the PACA statutory claims.  While the latter
18 required the existence of the trust to remain viable, the unjust enrichment claim is equitable in
19 nature, sounding in implied or quasi-contract.  See Paracor Fin., Inc. v. Gen. Electric Capital Corp.,
20 96 F.3d 1151, 1167.  Whether or not Lompa complied with PACA's provisions is irrelevant to
21 whether Cardey received an inequitable benefit.  To the extent allegations under PACA are
22 incorporated in the FAC, such incorporation is superfluous.

23       Second, the FAC adequately pleads a claim of unjust enrichment.  The elements are: (1)
24 receipt of a benefit; and (2) the unjust retention of the benefit at the expense of another.  Peterson v.
25 Cellco P'ship, 164 Cal. App. 4th 1583, 1593 (2008).  Here, Lompa alleges that the defendants,
26 including Cardey, received the produce shipments from Lompa.  See FAC, Docket Item No. 60, at ¶
27 94.  Lompa also alleges that defendants have converted and retained benefits of the shipments
28 without remitting payments.  See id., at ¶¶ 25-26, 95-96.  It may be true that Cardey is not mentioned

1  in the field tickets attached to the FAC, but that observation does not control for this motion. At this
2  point, the court must construe the FAC in the light most favorable to Lompa, resolving any apparent
3  ambiguity in Lompa's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). "[A]
4  well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts
5  is improbable, and 'that a recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556
6  (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). With this standard as a guide, Cardey's
7  request to dismiss the unjust enrichment claim must be denied.

### IV.  ORDER

Based on the foregoing, Cardey's Motion to Dismiss (Docket Item No. 115) is GRANTED IN PART AND DENIED IN PART.

The second, third and fourth counts of the FAC are DISMISSED WITHOUT LEAVE TO AMEND. The motion is denied as to the eighth count for unjust enrichment.

The hearing scheduled for March 23, 2012, is VACATED.

**IT IS SO ORDERED.**

Dated: March 21, 2012



EDWARD J. DAVILA
United States District Judge

CASE NO. 5:11-cv-00062 EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS